PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ PÉREZ FIGUEROA, Defendant and Appellant.

No. 4788. Argued June 8, 1932.—Decided July 7, 1932.

*A. García Veve* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

José Pérez Figueroa, Jr., was sentenced by the District Court of Humacao to 30 days' imprisonment in jail for violating section 29 of Act No. 85 of 1925, entitled Internal Revenue Law of Puerto Rico, approved August 20, 1925. By virtue of a search warrant issued by the Justice of the Peace of Fajardo there were seized in defendant's home three tin stills, suitable for distilling alcohol, and two glass jars containing seven quarts of alcohol.

The accused was originally tried in the Municipal Court of Fajardo and later, on a trial *de novo,* convicted in the District Court of Humacao. From the latter judgment defendant appealed to this Court, basing his appeal on the following alleged errors:

"(*a*) The court erred in not permitting the defendant to attack the search warrant in the manner he did.

"(*b*) The court erred in permitting testimony about the existence of the stills, without the same being offered in evidence.

"(*c*) The court erred in holding that the house in which José Pérez Figueroa lived, and which was searched had been sufficiently described.

"(d) The court erred in overruling defendant's motion wherein it was alleged that the stills had not been sufficiently described as required by section 503 of the Code of Criminal Procedure.

"(e) The court erred in overruling defendant's motion for his peremptory discharge."

With the exception of the second error which refers to the failure to offer the stills in evidence, the other errors practically involve the same question, which is based on the refusal of the lower court to quash the search warrant.

While Iluminado Torres, a witness for the prosecution, was testifying, counsel for defendant made a verbal motion to the court to quash the search warrant in this case as being illegal because the house which was searched was not described in the warrant. At the close of the evidence for the prosecution defendant moved for his discharge. The court overruled this motion. The defendant then offered in evidence the search warrant and renewed his motion to quash the same.

We are concerned, then, with a verbal motion in which it was not alleged by defendant that the property seized by virtue of the search warrant belonged to him, nor was its return requested. *People* v. *Roldán*, 42 P.R.R. 918. The defendant did not object to the admission of the evidence because the stills had been seized illegally but because no testimony could be given about them unless they were produced in court, and insisted that said stills be offered as evidence. Thus the defendant confined himself to requesting verbally at the beginning of the evidence that the search warrant be quashed, without demanding the return of the property seized nor claiming ownership thereon. Under these circumstances, although it may be that the search warrant was not void, we are precluded from considering its merits.

The defendant claims that the court erred in permitting testimony regarding the stills seized without their being introduced in evidence.

The witnesses for the prosecution testified that they had seized seven quarts of rum; that the stills were being operated when they were seized, and that they were taken to the Municipal Court of Fajardo, where they are on deposit. The lower court admitted the testimony of the witnesses who seized the stills, believed said testimony to be true, and decided according to the evidence. It did not commit error by admitting said evidence.

For the reasons stated, the judgment appealed from must be affirmed.